# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 24-1747V
Filed: May 14, 2026

```
* * * * * * * * * * * * *    *
MICHAEL DUGAS,                *
                             *
              Petitioner,     *
                             *
v.                            *
                             *
SECRETARY OF HEALTH           *
AND HUMAN SERVICES,           *
                             *
              Respondent.     *
* * * * * * * * * * * * *    *
```

*Amber D. Wilson, Esq.*, Wilson Science Law, Washington, DC for petitioner.
*Austin Egan, Esq.,* U.S. Dept. of Justice, Washington, DC, for respondent.

### DECISION[1]

**Roth,** Special Master:

On October 25, 2024, Michael Dugas ("petitioner") filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that the influenza ("flu") vaccine he received on October 27, 2021, caused him to develop injuries including radial nerve injury, inflammatory arthritis, and seronegative rheumatoid arthritis. Petition, ECF No. 1. At the time of filing, petitioner proceeded *pro se*. On April 16, 2025, the undersigned held a status conference with the parties to advise petitioner that he had not yet filed any medical records and that the Program required filing medical records for three years prior to the date of vaccination to present day. Petitioner was advised to retain counsel. ECF No. 15. Petitioner filed his medical records on June 13, 2025. ECF No. 17, Pet. Exs. 1-26. Petitioner retained counsel on October 20, 2025. ECF No. 33.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent filed his Rule 4(c) Report on November 3, 2025, recommending against entitlement because petitioner had not presented a medical theory causally linking the flu vaccine to his off-Table injuries. ECF No. 35.

Thereafter, petitioner was ordered to file updated medical records and an amended petition. Petitioner requested and was granted two extensions of time to comply with this Order. ECF Nos. 37-38. On May 5, 2026, rather than filing additional medical records and an amended petition, petitioner filed the instant Motion to Dismiss, advising that he "will be unable to prove that he is entitled to compensation in the Vaccine Program." ECF No. 39. Petitioner stated that he "understands that a decision by the Special Master dismissing his Petition will result in a judgment against him" which will "end all of his rights in the Vaccine Program." *Id*. Respondent communicated to chambers via email on May 12, 2026, that he does not object to petitioner's Motion.

The Court has reviewed the totality of the record before it and the evidence submitted. The information therein does not show entitlement to an award under the Program. To receive compensation under the Program, petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or 2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury." Further, the record does not contain persuasive medical or scientific evidence indicating that petitioner's alleged injury was caused by a covered vaccination or in any way vaccine-related.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, neither petitioner's medical records nor expert opinion supports a finding of entitlement.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that he suffered a "Table Injury" or that his injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

2